IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Lech Nadborski,** ) | |
| Plaintiff, ) | |
| ) | Case No.: 18 C 5205 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| ) | |
| **The Receivable Management** ) | |
| **Service Corporation,** ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [13] is granted. Civil case terminated.

## STATEMENT

Plaintiff alleges that Defendant, The Receivable Management Service Corporation ("RMS"), a collection agency, violated the Federal Debt Collection Practices Act ("FDCPA") when it included certain statements in a collection letter it mailed to Plaintiff on August 8, 2017. Specifically, RMS's letter states in part on the front page:

> This is a request for payment of this account which has been placed by VONAGE for collection. Please remit your payment to the address above.
>
> If you have not been contacted by an RMS representative, you will be receiving a call to bring this matter to a resolution. Should you receive this letter after a discussion with our representative, we thank you for your cooperation.

(Compl., Dkt. # 1, ¶ 19.) Plaintiff argues that this latter statement is inconsistent with the following validation notice required by 15 U.S.C. § 1692g, which was set forth on the back of the letter:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the

name and address of the original creditor, if different from the current creditor.

(*Id.* ¶ 18.) According to Plaintiff, the language about an RMS representative contacting him "overshadowed, contradicted, and confused" his rights under the FDCPA. Specifically, Plaintiff asserts that RMS's statement that it would call him to resolve the outstanding matter is inaccurate because a customer's right to demand verification can only be triggered by a written dispute, not an oral one.

As this Court recently summarized the relevant FDCPA law:

> The FDCPA "broadly prohibits the use of any 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting 15 U.S.C. § 1692e). Along with this general prohibition, the statute lists specific examples of prohibited conduct, the following of which are relevant here: "[t]he false representation of . . . the character, amount, or legal status of any debt"; "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken"; and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2)(A), (5), (10). "Even if a statement in a dunning letter is false in some technical sense, it does not violate § 1692e unless it would confuse or mislead an unsophisticated consumer," who is "uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Boucher*, 880 F.3d at 366 (citations and internal punctuation omitted). While an unsophisticated consumer might tend to read collection letters literally, he or she does not interpret them in a bizarre or idiosyncratic fashion, and is not a "dimwit." *Id.*; *see also White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (the FDCPA "protects the unsophisticated debtor, but not the irrational one"); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (the unsophisticated-consumer standard has an objective element of reasonableness that shields complying debt collectors from liability for "unrealistic or peculiar" interpretations of collection letters).
>
> To state a claim under § 1692e, [the plaintiff] must plausibly allege that [the defendant's] collection letter would materially mislead or confuse an unsophisticated consumer. *Boucher*, 880 F.3d at 366. Because this inquiry is generally a "fact-bound determination of how an unsophisticated consumer would perceive the statement," dismissal is appropriate only in "cases involving statements that plainly, on their face, are not misleading or deceptive." *Id.* (citation and internal quotation marks omitted); *see also Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (dismissal of an FDCPA claim is appropriate as a matter of law when it is "apparent from a reading of the

[collection] letter that not even a significant fraction of the population would be misled by it").

*Rueda v. Forster & Garbus, LLP*, No. 18 C 4586, 2018 WL 4777561, at *1-2 (N.D. Ill. Oct. 3, 2018)

Plaintiff's assertion that the letter's statement that he would be receiving a call contradicts the 30-day verification notice is just the type of idiosyncratic and unreasonable interpretation that the Seventh Circuit has stated is not violative of the FDCPA. Even an unsophisticated consumer, as defined above, would not believe that the promised phone call to attempt to resolve the matter somehow cancels out his right to seek verification of the debt. Also unpersuasive is Plaintiff's assertion that the language regarding the anticipated phone call might confuse a consumer into waiting to make the written dispute, thus risking extinguishing his rights under the 30-day notice provision. Again, Plaintiff's reading of the relevant text of the letter in conjunction with the 30-day notice provision is forced and illogical. Therefore, the Court finds this basis for relief fails to state a claim under the FDCPA.

According to Plaintiff, the letter is further confusing and overshadows his rights because RMS's request that the consumer include the claim number in all communications[1] "contradicts the fact that a consumer does not need to provide specific information or wording in order to dispute a debt." (Pl.'s Resp., Dkt. # 24, at 5.) This contention verges on the ridiculous. Almost all companies or entities ask that any communications about or payments of invoices include some kind of reference number to allow for easy access to the consumer's account. As RMS notes, "[i]f anything, [the directive that a consumer refer to a claim number in any communication] helps facilitate and smooth the validation request, not obscure or unnecessarily burden such request." (Def.'s Mot. Dismiss, Dkt. # 13, at 8) (citing *Thomollari v. CMRE Fin. Servs.*, No. 17 C 533, 2017 WL 6812033 (E.D. Wis. Aug. 28, 2017) (stating that asking consumer to reference account number and statement date on any communication disputing the debt "in no way overshadows, contradicts, or dilutes the consumer's right to dispute the debt").

For these reasons, Defendant's motion to dismiss is granted. Civil case terminated.

**Date:** November 8, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**

---

[1] The letter includes the phrase "IMPORTANT: REFER TO CLAIMS NUMBER IN ALL COMMUNICATIONS."